IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-22,235-03






EX PARTE AUBREY JUAN WILLIAMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-0454679-T IN THE 283RD DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery of an elderly person and sentenced to eighty years' imprisonment. 

 Applicant contends that his counsel rendered ineffective assistance because counsel failed
to timely file a notice of appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Axel, 757 S.W.2d 369, 371 (Tex. Crim. App. 1988). Trial counsel
filed an affidavit and the trial court filed findings of fact and conclusions of law recommending that
relief be denied. However, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 Trial counsel alleges that he filed a "pro-bono" motion for new trial. However, the docket
sheets included in the habeas record contain no information after Applicant was sentenced, "advised
of appeal rights," and granted pre-sentence jail time credit. The trial court shall make supplemental
findings of fact as to whether trial counsel withdrew from the representation of Applicant or
requested that Applicant be appointed appellate counsel. Applicant alleges that he informed the trial
court of his desire to appeal the conviction. The trial court shall make additional supplemental
findings of fact as to whether Applicant told the trial court he wanted an appeal and whether the trial
court made an indigency finding after advising Applicant of his appellate rights or at any other time
after sentencing. The trial court shall also make any other supplemental findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: July 1, 2009

Do not publish